IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **In Re:** | § § | |
| **GARCIA GRAIN TRADING CORP.,** | § § § | Case No. 23-70028-EVR-11 |
| Debtor. | § § | |
| **GARCIA GRAIN TRADING CORP.,** | § § § | |
| Plaintiff | § § | |
| v. | § § | Adversary No. _____ |
| **1419 RANCH, LLC** | § § | |
| Defendant | § | |

### COMPLAINT TO RECOVER PROPERTY OF THE ESTATE
### PURSUANT TO 11 U.S.C. § 542(b)

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. Bankruptcy Judge:

NOW COMES, GARCIA GRAIN TRADING CORP., the Debtor in the above-captioned case (the "**Debtor**" or "**Garcia Grain**"), by and through its Chief Restructuring Officer (CRO), Richard S. Schmidt, (the "**CRO**" or "**Schmidt**"), and files this Complaint to Recover Property of the Estate Pursuant to 11 U.S.C. § 542(b) and other applicable law against Defendant, 1419 RANCH, LLC ("**1419 Ranch**") ("**Defendant**"), and pursuant to FED. R. BANKR. PROC. 7001 and 11 U.S.C. § 542(b), and other applicable law, would show as follows:

### I.
### PARTIES

1. The Plaintiff in this action is the Debtor, Garcia Grain Trading Corporation (the "**Plaintiff**," the "**Debtor**" or "**Garcia Grain**"). Garcia Grain is a Texas corporation

with its registered business address and mailing address at 101 N. Val Verde Rd. Donna, Texas 78537-9561, Hidalgo County, and can be served through the undersigned attorneys or its registered agent, Octavio Garcia.

2. Defendant, 1419 Ranch, LLC ("**1419 Ranch**") is a Texas limited liability company with its principal place of business at 827 S. Oklahoma, Brownsville, Texas 78521, Cameron County, and mailing address at 1419 Ranch, LLC, c/o Ray K. Loop, 2870 S. Oklahoma Ave., Brownsville, Texas 78521-9408, Cameron County, and can be served through its registered agent Ray K. Loop.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Rule 7001 because the claims and causes of action asserted in this Complaint arise in and under Title 11, and relate to cases filed under Title 11 and pending in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division, under Case No. 23-70028-EVR-11.

4. The claims and causes of action set forth herein concern the turnover of estate property under 11 U.S.C. § 542(b). Accordingly, this adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(E). Plaintiff consents to entry of a final judgment by this Court.

5. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1409.

## III.
## PLAINTIFF'S EXHIBITS

6. Plaintiff attaches the following exhibits to this Complaint:

> **Exhibit A-1** – Garcia Grain Summary of Goods and Services Provided to 1419 Ranch, LLC (Invoice Nos. 19543 and 19518)
>
> **Exhibit A-2** – Supporting Documentation Regarding Invoice Nos. 19543 and 19518
>
> **Exhibit B** – Garcia Grain Demand Letter to 1419 Ranch (November 6, 2023)
>
> **Exhibit C** – 1419 Ranch Response to Demand Letter (January 5, 2024)

7. In addition, Plaintiff attaches the sworn Affidavit of Octavio Garcia, the principal of the Debtor.

## IV.
## BACKGROUND OF THE CASE AND FACTS

8. On February 17, 2023 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**").

9. The Debtor engaged Richard S. Schmidt, pursuant to the Court's Agreed Order entered on August 15, 2023 [Dkt #429], to serve as the Chief Restructuring Officer ("**CRO**" or "**Schmidt**") in the Debtor's Chapter 11 bankruptcy case. On August 16, 2023, the Court authorized the CRO to employ Kay B. Walker of the Law Office of Kay B. Walker as counsel for the CRO to represent him in his capacity as court appointed CRO and the duties to be undertaken in that role. [Dkt #431].

10. Prior to the Petition Date, Plaintiff, Garcia Grain, sold seed, fertilizer, and agricultural chemicals and provided labor and transportation to 1419 Ranch. In exchange for the goods and services provided, Defendant, 1419 Ranch, agreed to pay Garcia Grain **$228,370.57** (the "**Claim Amount**"). 1419 Ranch failed to pay Garcia Grain for those sums as agreed.

11. On November 6, 2023, Plaintiff sent 1419 Ranch a Demand Letter demanding payment of the amount. However, as of the filing of this Petition, Defendant, 1419 Ranch, failed to pay Garcia Grain the amounts due and owing.

12. In support, Plaintiff attaches **"Exhibit A-1"** (Invoice Nos. 19543 and 19518) and **"Exhibit A-2"** (Supporting Documentation) showing unpaid charges for Garcia Grain's delivery of seed, fertilizer, and agricultural chemicals to 1419 Ranch between February 14, 2021 and October 25, 2022 for Invoice No. 19543 (in the amount of $95,343.01) and Invoice No. 19518 (in the amount of $133,027.56) totaling $228,370.57; **"Exhibit B"** showing the Demand Letter sent to 1419 Ranch on November 6, 2023; and **"Exhibit C"** showing 1419 Ranch's Response to Demand Letter dated January 5, 2024 denying the claim made by Plaintiff against 1419 Ranch.

## V.
## CAUSES OF ACTION

### COUNT ONE – Breach of Contract

13. Plaintiff incorporates the allegations and assertions of fact contained in paragraphs 1 through 12 above and elsewhere in this Complaint.

14. Plaintiff and Defendant had a valid contract for goods and services.

15. Plaintiff sold goods to and performed services for 1419 Ranch under the contract. Specifically, Garcia Grain, sold seed, fertilizer, and agricultural chemicals and provided labor and transportation to 1419 Ranch. In exchange for the goods and services provided, Defendant, 1419 Ranch, agreed to pay Garcia Grain $228,370.57. *See* **Exhibit A-1** and **A-2**.

16. On November 6, 2023, Plaintiff sent 1419 Ranch a Demand Letter (*see* **"Exhibit B"**). On January 5, 2024, 1419 Ranch responded to Plaintiff by sending a Response to

Demand Letter and denied the amount owed (*see* **"Exhibit C"**). 1419 Ranch failed to pay the amounts due.

17. Defendant has materially breached the contract by failing to pay Plaintiff for goods provided and services rendered.

18. Plaintiff has been damaged by Defendant's breach in the amount of the money owed, plus attorney's fees, costs and expenses of filing this suit.

## COUNT TWO – Quantum Meruit

19. Plaintiff incorporates the allegations and assertions of fact contained in paragraphs 1 through 12 above and elsewhere in this Complaint.

20. In addition or in the alternative to the cause of action for breach of contract, 1419 Ranch is bound by an implied agreement to pay Garcia Grain $228,370.57 for the goods and services it accepted and received from Garcia Grain. (*See* **Exhibits A-1** and **A-2)**. Despite the Demand Letter sent to 1419 Ranch (*see* **Exhibit B**), 1419 Ranch denied that it owed anything to Garcia Grain (*see* **"Exhibit C"**) and has not paid Garcia Grain for the amounts due.

21. 1419 Ranch knew or should have known that Garcia Grain expected compensation for these goods and services.

22. Quantum meruit is an equitable theory of recovery intended to prevent unjust enrichment when there is an implied agreement to pay for benefits received. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732 (Tex. 2018).

23. Plaintiff has been damaged by Defendant's breach in the amount of the money owed, plus attorney's fees.

## COUNT THREE – Suit on an Account

24. Plaintiff incorporates the allegations and assertions of fact contained in paragraphs 1 through 12 above and elsewhere in this Complaint.

25. Although, strictly speaking, "suit on sworn account" is a procedural device to pursue a contractual claim under TEX. R. CIV. P. 185, which is a procedural rule not binding in federal courts, nevertheless, regardless of whether this cause of action is called "suit on account," "suit on an open account," or "suit on sworn account," case law indicates that it is an underlying substantive cause of action separate from TEX. R. CIV. P. 185 and therefore recognized in federal courts, and it is under this cause of action that Plaintiff brings this claim. *See SM Energy Co. v. Smackco, Ltd.*, No. 11-CV-3028, 2012 WL 4760841, at *5 (S.D. Tex. Oct. 5, 2012) (citing *Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, 219 Fed. Appx. 375, 377 (5th Cir.2007)).

26. Plaintiff, Garcia Grain, sold goods and services, i.e., sold seed, fertilizer, and agricultural chemicals and provided labor and transportation, to 1419 Ranch, Defendant, for the benefit of the Defendant. (*See* **Exhibits A-1** and **A-2**"). The prices charged were just and true because they were the usual, customary, and reasonable prices for the type of work and the goods and services provided for this type of transaction. Plaintiff kept a systematic record of the transactions at issue. (*See* "**Exhibits A-1** and **A-2**"). All lawful offsets, payments, and credits have been applied to the account. The account balance of $228,370.57 remains unpaid. Plaintiff files this petition under oath, as shown by the attached verification. (*See* the Affidavit of Octavio Garcia attached to this Complaint and incorporated herein for all purposes).

27. On November 6, 2023, Plaintiff sent 1419 Ranch a Demand Letter (*see* "**Exhibit B**"), to which the Defendant responded on January 5, 2024 (see "**Exhibit C**") and denied

that 1419 Ranch owes any amounts to Plaintiff. As a result of Defendant's failure to pay, Plaintiff suffered liquidated damages in the principal amount of $228,370.57. Plaintiff also seeks pre- and post-judgment interest at the highest lawful rate, attorney's fees, costs and expenses.

## VI.
## ATTORNEY'S FEES

28. Plaintiff presented its demand for payment to Defendant, but Plaintiff's demand has gone unpaid. As a result of Defendant's failure to pay, as described above, Plaintiff was forced to hire the undersigned attorneys to prosecute this cause of action, and it has agreed to pay its attorneys' reasonable and necessary fees and expenses in order to do so. Pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 38, Plaintiff is entitled to recover reasonable and necessary attorney fees and expenses for having to bring this action because this suit is for a sworn or open account or an oral or written contract.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff and Debtor GARCIA GRAIN TRADING CORPORATION ("**Garcia Grain**") prays that citation be issued against Defendant, 1419 RANCH, LLC ("**1419 Ranch**"), and that Defendant be required to answer this Complaint, and that upon trial of this cause that the Court enter judgment against the Defendant pursuant to 11 U.S.C. § 542(b) and all applicable law, finding the amount due to Plaintiff totaling $228,370.57 to be property of Garcia Grain's bankruptcy estate, ordering the amount of **$228,370.57** be turned over to Garcia Grain's bankruptcy estate, allowing for recovery of reasonable and necessary attorney's fees, and for such other relief as the Court deems just and equitable.

Dated: February 23, 2024.

        Respectfully Submitted,

        MULLIN HOARD & BROWN, L.L.P.

        P.O. Box 2585
        Lubbock, Texas 79408-2585
        Telephone: (806) 765-7491
        Facsimile: (806) 765-0553
        Email: drl@mhba.com

        /s/ David R. Langston
        David R. Langston, SBN: 11923800
        Southern District Bar No. 9489
        Özen E. Zimmerman, SBN: 24097659
        Southern District Bar No: 3846489
        ***Attorneys for the Debtor, Garcia Grain Trading Corp.***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties in interest via ECF and/or regular U.S. Mail on this 23rd day of February, 2024:

1.    Garcia Grain Trading Corp.
      Attn: Octavio Garcia
      101 N. Val Verde Rd.
      Donna, TX 78537
      ***Debtor***

2.    Andrew Jimenez
      U.S. Trustee's Office
      606 N. Carancahua, Suite 1107
      Corpus Christi, Texas 78476

3.    Shelby Jordan
      Jordan & Ortiz, P.C.
      500 North Shoreline Drive, Suite 900
      Corpus Christi, TX 78401
      ***Counsel for Unsecured Creditors Committee***

4.    All parties receiving notice via ECF in this case.

        /s/ David R. Langston
        David R. Langston

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF Hidalgo §

On this day, personally appeared before me, the undersigned Notary Public, OCTAVIO GARCIA, the affiant, whose identity is known to me. After I administered an oath to him, upon his oath, affiant testified as follows:

1. "My name is OCTAVIO GARCIA. I am over eighteen (18) years of age, and I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "Plaintiff, in this case, is the Debtor, Garcia Grain Trading Corporation ("**Garcia Grain**" or the "**Debtor**"). Garcia Grain is a corporation created under the laws of Texas. I am the owner and director of the Plaintiff.

3. "On February 17, 2023 ("**Petition Date**"), Garcia Grain filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

4. "Defendant, in this case, 1419 Ranch, LLC. ("**1419 Ranch**" or **Defendant**") and it is a Texas limited liability company.

5. "Prior to the Petition Date, Garcia Grain furnished goods and services at the request of 1419 Ranch between February 14, 2021 and October 25, 2022.

6. "There was not a written contract done for those transactions that constitute the subject matter of this lawsuit, but such transactions were conducted on an open account, as was the customary practice between the two parties, under which Garcia Grain sold seed, fertilizer, and agricultural chemicals and provided labor and transportation to 1419 Ranch, Defendant, for the benefit of 1419 Ranch.

7. "For the goods and services Garcia Grain provided to 1419 Ranch, 1419 Ranch incurred an obligation to pay Garcia Grain the amount of $95,343.01 for Invoice No. 19543 and the amount of $133,027.56 for Invoice No. 19518, totaling **$228,370.57** (the "**Claim Amount**"). A systematic record of the transactions at issue has been kept during normal course of business, and a copy of all invoices and a summary of those transactions are attached to the Complaint as **Exhibits A-1** and **A-2**.

8. "Based on my personal knowledge and experience, the invoices Garcia Grain is seeking payment on are just and true and are due in the amounts stated. Further, all lawful offsets, payments or credits have been applied to said invoices. The charges listed on the invoices are reasonable and customary for the goods and services provided to 1419 Ranch or any other similarly situated companies in the region.

9. "As of this date, the Claim Amount remains unpaid. On November 6, 2023, by and through its attorneys, Richard S. Schmidt, the Chief Restructuring Officer (CRO) for Garcia Grain, sent 1419 Ranch a letter ("**Demand Letter**") demanding payment for the unpaid bills, a copy of which has been attached to this Complaint as **Exhibit B**. 1419 Ranch responded by sending Garcia Grain a response letter ("**Response to Demand Letter**"), attached to Complaint as **Exhibit C**), and denied that it owes any money to Garcia Grain. To this day, 1419 Ranch has not paid the amount due.

10. "I have read the foregoing Complaint to Recover Property of the Estate Pursuant to 11 U.S.C. § 542(b) (the "**Complaint**") against 1419 Ranch, and every statement of fact therein is within my personal knowledge or based on my review of the records, and such facts are true and correct.

11. "The Claim Amount, attached as **Exhibits A-1** and **A-2** to the Complaint, is a true and correct copy of 1419 Ranch's account with Garcia Grain, showing a total principal balance due and owing to Garcia Grain of **$228,370.57**, after all just and lawful payments, credits, and offsets."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
OCTAVIO GARCIA

SWORN TO and SUBSCRIBED before me on this the 23 day of February 2024, by OCTAVIO GARCIA.

_____
Notary Public in and for the
State of Texas

ROY MATTHEW QUINTANILLA
Notary ID #132624800
My Commission Expires
August 14, 2024